IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-11-2223-PHX-GMS |
| Plaintiff, | |
| vs. | **REPORT AND RECOMMENDATION** |
| Jose Manuel Rodriguez-Flores, | |
| Defendant. | |

TO THE HONORABLE G. MURRAY SNOW, U.S. DISTRICT JUDGE:

Pursuant to the District Judge's Referral and Defendant's Consent, this Court conducted a revocation hearing on the Superceding Petition to Revoke Supervised Release. The Superceding Petition alleges in Allegation A that Defendant violated Standard Condition 1 which required that Defendant not commit another federal, state or local crime during the time of supervision. It is alleged that after Defendant's deportation on April 16, 2013, he was found in the United States without authorization on July 9, 2013, as evidenced by Defendant's arrest on that day by immigration officers in the Southern District of California.

The Court first addresses the post-hearing memoranda concerning the issue of whether the Court should reopen the revocation proceedings. Originally, the Government requested that the Court reopen proceedings to allow it to obtain the telephonic testimony of the arresting Border Patrol Agent or for the Court to apply the appropriate test for not requiring such testimony. The Court at the revocation hearing had considered the evidence related to the

circumstances of Defendant's arrest which included the hearsay evidence of the arresting agent. The Court accepted this evidence because the Rules of Evidence do not apply in a supervised release revocation proceeding and because, consistent with Rule 32.1(b)(2)(C), Fed.R.Crim.P., the Court had determined that the interests of justice did not require the witness to appear. The Court, however, did not make this finding explicit nor did it demonstrate on the record that it applied the balancing test set forth in *United States v. Comito*, 177 F.3d 1166, 1171 (9th Cir. 1999).

Defendant opposed the Government's request to reopen on the grounds that it is unnecessary in light of the evidence already taken and that there is no due process offense flowing from the taking of the hearsay evidence. In light of Defendant's response, the Government withdrew its motion to reopen the record and asked only that the Court apply the *Comito* balancing test. The Court finds that the Defendant had a fair opportunity to refute the Government's evidence regarding the circumstances of Defendant's arrest and that the hearsay testimony would be costly to obtain; a cost not worth the candle in light of the relative greater significance of Defendant's own testimony about the circumstances of his arrest.

Turning now to the revocation hearing and Defendant's testimony. Defendant does not contest that he was found in the United States after his previous deportation. He only contests that this return was not voluntary because he asserts that he was the subject of a drug cartel's compelled action to get him to sell drugs and that his refusal resulted in the cartel taking him to the border where they tortured and beat him for several days and tied him up like he was an animal. He testified that he was beaten every day of his kidnapping. He further testified that he escaped, crossed into the United States and approached a Border Patrol vehicle to obtain help. Defendant testified that United States Border Patrol told him to return to Mexico and that Border Patrol called the Mexican Police to take Defendant but that the Mexican police never came. Border Patrol arrested Defendant but he was immediately treated for several days at a San Diego hospital and then transferred to a mental health hospital because he was reportedly feeling depressed and suicidal. Although it is uncontested that he was hospitalized and in

physical distress at the time of his crossing, there is no physical evidence that he was beaten. The Government argues that the physical duress was due to other reasons such as an episode associated with Defendant's history of substance abuse.

The Court did not find Defendant's recitation of events credible. His testimony demonstrates that it was more likely than not that he came back to the United States in furtherance of a desire to see his children in the United States and not because of legal duress. In addition, Defendant's focus in his testimony on physical duress associated with his "life long" "low sugars" is belied by the absence of any report of this illness in the Presentence Investigation Report. Further, Defendant's testimony that he was making a satisfactory life for himself in Tijuana is undermined by the fact that he has been previously deported or removed at least 13 times and at least four of those times were near Tijuana and within 6 miles of the arrest in this incident.

In accordance with the foregoing, the Court RECOMMENDS that the District Judge conclude that the Government has shown by a preponderance of the evidence that Defendant violated his condition of Supervised Release as alleged in Allegation A of the Superceding Petition.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(b)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See*, 28 U.S.C. § 636(b)(1); Rule 59(b)(2), Federal Rules of Criminal Procedure. Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Judge without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact

in an order or judgment entered pursuant to the Magistrate Judge's recommendation.  *See* Rule 59, Federal Rules of Criminal Procedure.

DATED this 7th day of October, 2013.

David K. Duncan
United States Magistrate Judge

- 4 -